Green, J.

delivered the opinion of the court.
This is an action of assumpsit brought by Tally against Booker & Clarkson, to which they pleaded the amount of an account for goods sold and delivered, as an offset to plaintiff’s demand.
It appeared in evidence that articles charged in the account to amount of *$60 were delivered to Wm. Tally, jr., a son of the plaintiff, over the age of 31 years. William, jr. had no credit at the store of defendants, and he procured the goods directing them tobe charged to his father, which was done at the time. Other sons and sons-in-law were in the habit of getting goods upon the plaintiff’s account.
When William, jr. was about to remove from the country, the clerk in defendants’ store called on the plaintiff and told him that some of the articles in his account had been gotten by his son William; whereupon the plaintiff said the defendants were right in charging the goods to him, and that he would pay for them. The court charged the jury that, “If the plaintiff in the first instance *310 did not direct the defendants to charge the articles to him, he would not be bound to pay for them unless the promise to do so had been reduced to writing.”
The jury returned a verdict in favor of the plaintiff disallowing the articles charged to him, and which had been delivered to his son William. The defendants moved for a new trial which was refused, and judgment was rendered on the verdict of the jury, from which judgment this appeal in error is taken.
We think the court erred in the charge to the jury. His Honor overlooked the distinction between where the credit is given in the first instance to the party receiving the goods, and the case where no such credit is given, but the goods were delivered on account of the person sought to be charged. In the former case the charge of the court would be correct; for the delivery of the goods to A. on his own account, creates a debt against him; and any promise of B to pay for the goods, must be a promise to pay the debt of another, and consequently must be in writing. And such was the case of Matthews & Alderson vs. Milton, in 4 Yerg.. 576.
But in the case now under consideration, no credit was given to the party to whom the goods were delivered. He did not purchase them in his own name, but in the name of his father. The merchants did not know for whose use they were obtained, and the goods were delivered to William, jr. for his father, and charged in his account. In this transaction, Wm. Tally, jr. assumed to be his father’s agent in making these purchases, and he was recognized and treated as such agent by Booker & Clarkson. The only question then is, was he such agent. Unquestionably a party may recognize the authority of an agent after the completion of arfrla^r tion as well as before. All that is wanting is, to know*that thelP thority existed. And surely the admission made after the transaction, by the principal that it did, is as good evidence of the fact as if he had published the existence of such agency before hand. In this case Wm. Tally, sen’r. after the goods had been purchased, said that they had been rightfully charged to him, and that he would pay for them. He thus recognized the agency of his son William, to buy the goods and bind him by his acts. Let the judgment be reversed, and the cause be remanded for another trial.